# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05cv65

| | |
|---|---|
| JAMES DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER TRANSFERRING |
| ) | VENUE TO THE UNITED |
| CAROLINE L. WILKERSON, ) | STATES COURT FOR THE |
| ) | NORTHERN DISTRICT OF |
| Defendant. ) | GEORGIA |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. In support of such motion defendant has properly argued that the dispute between these parties is governed by Georgia law. Upon closer review, it appears that plaintiff is a resident of the State of Georgia, that defendant was at all times relevant to this lawsuit a resident of the State of Georgia, that the action concerns a real estate transaction consummated and executed in the State of Georgia, and that the dispute involves representations made concerning the condition of real property in the State of Georgia. The only connection of this action to the Western District of North Carolina is that defendant took up residence in this district after selling her Georgia home to plaintiff. The court has contacted respective counsel for the parties and they do not oppose a transfer of this matter to the appropriate district court in the state of Georgia.

In determining the appropriate venue of a case under 28, United States Code, Section §1404(a), the court must "weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). These factors include: (1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5)

enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. See CapitalSource Finance LLC v. B & B Contractors, Inc., ___ F.Supp.___, 2005 WL 1025953 (D.Md. 2005). All of these factors, except the first, weigh heavily in favor of transfer of this matter to the United States Court for the Northern District of Georgia. As to the first factor, the court has informally inquired of plaintiff as to why this district was initially selected, and counsel candidly informed the court that it was for the convenience of the defendant. Thus, plaintiff's initial choice of forum is given little weight. Finding that the factors weigh heavily in favor of this action being resolved in a forum wherein the real property is located, where there is a possibility of a view, and where the court is at home with what appears to be very unique law, the court will transfer this matter to the Northern District of Georgia.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **TRANSFERRED** to the North District of Georgia, Atlanta Division, in accordance with 28, United States Code, Section 1404(a).

**Signed: October 7, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge